Opinion issued July 2, 2026



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-25-00159-CV**
_____

## IN THE ESTATE OF AUDREY BANKS, DECEASED

---

**On Appeal from Probate Court No. 1**
**Harris County, Texas**
**Trial Court Case No. 470699**

---

## MEMORANDUM OPINION

Appellant Alma Banks-Brown, proceeding pro se, filed a notice of appeal from the trial court's February 20, 2025 Order for Turnover of Estate Property.

We dismiss the appeal.

On May 15, 2026, Appellant filed her appellate brief. On May 20, 2026, Appellee Sherry Dorinda Faulkner as Dependent Administrator of the Estate of Audrey Banks, Deceased, filed a Motion to Require Appellant to Rebrief. On June

9, 2026, we granted Appellee's motion to strike Appellant's brief for failure to comply with Rule of Appellate Procedure 38.1, which lists the requisites for an appellant's brief.[1] We struck the brief and afforded Appellant an opportunity to file a corrected brief by June 24, 2026. We advised Appellant that if a corrected brief, compliant with Rule 38.1, was not filed by the stated deadline, her appeal could be dismissed without further notice. *See* TEX. R. APP. P. 38.8(a)(1), 38.9(a), 42.3(b), 43.2(f). On June 17, 2026, instead of filing a corrected brief, Appellant filed a Motion for Extension, alleging that the reporter's record is incomplete and requesting an extension of sixty days to file her corrected brief. The next day, we denied the Motion for Extension and reminded Appellant that failure to file the corrected brief by June 24, 2026 could result in dismissal.

To date, Appellant has not filed a corrected brief. A civil litigant has the right to represent herself at trial and on appeal. But the right of self-representation carries with it the responsibility to adhere to the rules of evidence and procedure, including the Rules of Appellate Procedure if a party chooses to represent herself on appeal. *See Steele v. Humphreys*, No. 05-19-00988-CV, 2020 WL 6440499, at *2 (Tex. App.—Dallas Nov. 3, 2020, no pet.) (mem. op.); *see also Bolling v.*

---

[1] Appellant was advised her brief did not contain the required elements described in Rule 38.1(a) (identification of parties and counsel), 38.1(d) (statement of case with record references), 38.1(e) (statement as to oral argument), 38.1(g) (statement of facts with record references), 38.1(i) (argument with citation to authorities and record), and 38.1(k) (proper appendix).

*Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184 (Tex. 1978) ("[N]o basis exists for differentiating between litigants represented by counsel and litigants not represented by counsel in determining whether [the] rules of procedure must be followed."). A pro se litigant is thus held to the same standard as a licensed attorney and must comply with the Rules of Appellate Procedure. *See Garrett v. Lee*, No. 01-21-00498-CV, 2021 WL 5702177, at *2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, pet. denied) (mem. op.); *Yeldell v. Denton Cent. Appraisal Dist.*, No. 2-07-313-CV, 2008 WL 4053014, at *2 (Tex. App.—Fort Worth Aug. 29, 2008, pet. denied) (mem. op.) ("[A]ll parties appearing in the appellate courts of Texas must conform to the Texas Rules of Appellate Procedure.").

When, as here, an appellant is afforded the opportunity to refile a brief and subsequently fails to do so, an appellate court may dismiss the appeal for lack of prosecution. *See* TEX. R. APP. P. 38.8(a)(1); *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *2 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.).

Because Appellant failed to file a corrected brief by the stated deadline, we dismiss her appeal for want of prosecution. *See* TEX. R. APP. P. 38.9(a), 42.3(b),

43.2(f); *Tyurin*, 2017 WL 4682191, at *2. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Guiney.